680 So.2d 1270 (1996)
Alford HANEY,
v.
ZURICH INSURANCE COMPANY in its Capacity as Uninsured/Underinsured Motorist Carrier for Airco Gases, a Division of the BOC Group, Inc.
No. 96-CA-0393.
Court of Appeal of Louisiana, Fourth Circuit.
September 22, 1996.
Writ Denied December 6, 1996.
*1271 Daniel B. Snellings, James Minge, James Minge & Associates, New Orleans, for Appellant.
Donald C. Massey, Sharon Ryan, Rodi Adams & Reese, New Orleans, for Appellee.
Before BYRNES, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
In this automobile accident case, plaintiff seeks to recover Uninsured Motorists (UM) Coverage from his employer's insurer. The trial court granted the insurer's motion for summary judgment, dismissing plaintiff's claim. Plaintiff now appeals. We affirm.

THE ISSUE
The issue presented in this case is whether the statutory and jurisprudential requirements of a rejection of UM coverage have been satisfied where an automobile liability policy contains the attachment of two UM coverage forms: a general form which is signed by the insured and applies to all fifty states where coverage is applicable under the policy and a second form which contains the actual selection of coverage for the state of Louisiana but is not signed by the insured.

THE FACTS
On April 30, 1994, Alford Haney sustained injury in an automobile accident while in the course and scope of his employment with Airco Industrial Gases, a subsidiary of The BOC Group, Inc. As a result of this accident, plaintiff filed suit against Zurich Insurance Company ("Zurich") as the uninsured motorist (UM) carrier for Airco Industrial Gases as a division of The BOC Group. Zurich filed an answer to this petition, denying that their policy provided UM coverage to plaintiff.
Zurich subsequently filed a motion for summary judgment contending that no coverage existed in this case. In support of its motion, defendant introduced the business automobile policy number BAP6508518-03 which was issued by Zurich to The BOC, Group Inc. The policy also contained an endorsement indicating that the named insureds on the subject policy were The BOC Group, Inc., Generon Systems and Airco Generon Sytems, L.P.
Also attached to the Zurich policy was a form entitled "Uninsured, Underinsured Motorist Coverage Selection/Rejection Acceptance" which contained a listing of all fifty states and referred to the general Zurich policy number which was issued to The BOC Group, Inc. With regard to the State of Louisiana, the word "None" is typed in under columns for Uninsured and Underinsured Coverage, which, according to the terms of *1272 the document, indicates that UM coverage was entirely rejected in this state.
This form was signed on July 27, 1993 by David A. Young, a representative of The BOC Group, Inc., and became effective on October 1, 1993, the effective date of the subject policy. The form states in part as follows:
The completion of this form precludes the necessity of showing the policy number, agent and named insured on the listed forms attached to this policy. By signing and dating this form on the spaces provided below, you agree that you have read and understand each state form and that the selections or rejections marked on the state forms have been accepted by you without signing and dating each form.
In conjunction with this form, the Zurich policy also contained an attached document entitled "Uninsured Motorists Bodily Injury and Property Damage Coverage Selection/RejectionLouisiana." This form contains a listing of options available to the insured with regard to UM coverage in Louisiana, including options to select lower limits and to reject UM coverage. Although an "x" appears in a box adjacent to the option indicating rejection of coverage, the form is not signed or dated and no policy number appears on this form.
In support of its motion, Zurich also introduced the affidavit of David A. Young, the manager for Risk Insurance Services for The BOC Group, Inc. The affidavit states that Mr. Young secured from Zurich Insurance Company the automobile liability insurance coverage for The BOC Group, Inc. under policy number BAP6508518-03 for the policy period October 1, 1993 through October 1, 1994. The affidavit states that the policy covers all vehicles owned by The BOC Group, Inc. or its subsidiaries, and specifically covered the truck driven by plaintiff on the date of the accident. Mr. Young further attested that it was the policy of The BOC Group, Inc. to reject UM coverage in all states where rejection is allowed, and he stated that this rejection is evidenced by his signature on the UM rejection/selection form issued by Zurich.
The trial court granted Zurich's motion for summary judgment dismissing plaintiff's claim for UM coverage. Plaintiff now appeals, contending that the purported rejection of UM coverage, which is signed by a representative of The BOC Group, Inc., does not constitute a valid rejection of UM coverage on behalf of Airco and its employees. Plaintiff also argues that the trial court erred in considering the two separate forms taken together to be a valid rejection of UM coverage. Finally, plaintiff argues that the trial court erred in allowing defendant to submit extrinsic evidence in the form of the affidavit of David Young.

THE LAW
At all pertinent times hereto, Louisiana's uninsured/underinsured motorists law, LSA-R.S. 22:1406, provided in part as follows:
(D)(1)(a)(i) No automobile liability insurance... shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state.. unless coverage is provided ... in not less than the limits of bodily injury liability provided by the policy ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits.
(ii) After September 1, 1987, such rejection or selection of lower limits shall be made only on a form designed by each insurer. The form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract *1273 when issued and delivered, irrespective of whether physically attached thereto. (Emphasis ours.)
Although the express terms of the statute require a written rejection of UM coverage, the statute does not specify how such a rejection is to be effected. The Louisiana Supreme Court has held a valid rejection or selection of lower limits must be in writing and signed by the named insured or his legal representative. Henson v. Safeco Insurance Companies, 585 So.2d 534, 538 (La.1991). Further, in Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992), the Supreme Court held that an uninsured motorist rejection form used by an insurance company must give the applicant the opportunity to make a meaningful selection from the options provided by the statute: (1) UM coverage equal to the bodily injury limits on the policy, (2) UM coverage lower than bodily injury limits on the policy, or (3) no UM coverage.

Summary Judgment
Appellate courts should review the granting of a summary judgment de novo under the same criteria governing the trial court's consideration of whether a summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). Under La. C.C.P. art. 966, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law.

Standard of Review/Burden of Proof
The object of the UM statute is to promote full recovery for innocent automobile accident victims by making UM coverage available for their benefit. Hoefly v. Government Employees Insurance Co., 418 So.2d 575, 578 (La.1982). The statute is to be liberally construed, such that the statutory exceptions to the coverage requirement are interpreted strictly. Any exclusion from coverage in an insurance policy must be clear and unmistakable. The insurer bears the burden of proving any insured named in the policy rejected in writing UM coverage equal to bodily injury limits or selected lower limits. Henson, 585 So.2d at 538; Roger v. Estate of Moulton, 513 So.2d 1126, 1132 (La. 1987).

Rejection of UM Coverage
The plaintiff argues that the rejection of UM coverage is invalid because it was not signed by a legal representative of Airco. Plaintiff argues there is no evidence that Airco leased their vehicles from The BOC Group, or that The BOC Group had the authority to reject UM coverage on behalf of Airco or its employees.
We find no merit in this argument. There is no dispute in the present case that Airco Industrial Gases is a subsidiary of The BOC Group, Inc. In fact, in his petition for damages, appellant alleges that Zurich Insurance Company maintained a policy of insurance insuring Airco Industrial Gases, a division of The BOC Group, Inc. Further, David Young states in his affidavit, which is not refuted by appellant, that the Zurich insurance policy of which The BOC Group, Inc. is a named insured covered the vehicle which plaintiff was driving at the time of the accident.
In addition, LSA-R.S. 22:1406(D)(a)(i) specifically provides that any insured named in the policy may reject in writing coverage required under that section. Huguet v. State Farm Mut. Auto. Ins. Co., 619 So.2d 186, 188 (La.App. 3rd Cir.1993). The policy clearly lists several entities as named insured, and any named insured has the authority to reject or select lower UM limits. We conclude that the UM coverage form which is signed by a representative of The BOC Group is applicable to Airco.
Plaintiff next contends that neither of the two forms attached to the Zurich policy standing alone constitute a valid rejection of coverage under the law, and the trial court erred in considering the two forms taken together. We do not agree.
In support of its position, plaintiff cites to the Supreme Court's decision in Roger v. Estate of Moulton, supra, 513 So.2d at 1132, which states as follows:
Accordingly, to effect a valid rejection of the UM coverage under La. R.S. 22:1406(D)(1)(a), the insured or his authorized *1274 representative must expressly set forth in a single document that UM coverage is rejected in the State of Louisiana as of a specific date in a particular policy issued or to be issued by the insurer. A writing, regardless of the intention of the insured, of a less precise nature is insufficient to effect a valid rejection.
In that case, the Court determined that neither of two letters submitted by defendant as evidence of a rejection of UM coverage in Louisiana met the statutory requirements of law. The first letter expressly rejected coverage, but was not physically attached to the policy as was required by the statute in effect at the time. The second letter contained a prospective statement to the insurer to reject coverage in any state where the law would be changed to allow such rejection. The Supreme Court found that the latter letter did not specifically refer to the state of Louisiana, and that although the earlier letter evidenced an intent to reject coverage in Louisiana, an expression of intent is insufficient to effect a valid rejection of coverage.
The holding in Roger is distinguishable from the situation in the present case. In this case, two forms were physically attached to the insurance policy covering the vehicle in question. The first form contained a listing of all fifty states, and with regard to the state of Louisiana, the form indicated that UM coverage in this state was entirely rejected. As required by law, the form was signed and dated by an authorized representative of a named insured, The BOC Group, Inc. The form also contained a statement that "your signature on this form signifies your acceptance of the limits shown on this form and the attached state forms." The form further states as follows:
This summary is not a substitute to reviewing each individual state's selection/rejection form for UM and UIM. You are urged to do so.
The completion of this form precludes the necessity of showing the policy number, agent and Named Insured on the listed forms attached to this policy. By signing and dating this form in the spaces provided below, you agree that you have read and understand each state form and that the selections or rejections marked on the state forms have been accepted by you without signing and dating each form.
As referred to in this document, the policy contained a second attached form applicable specifically to the state of Louisiana. By this form, the insurer gave the insured the opportunity to make a meaningful selection from the options as provided by the statute. Clearly indicated on this form was a rejection of UM coverage. Although this form did not contain the policy number or the signature of the authorized representative of the named insured, we find that by the express terms of the first document, a signing of the document and reference to the policy number were unnecessary. By signing and dating the first document, the insured indicated that the limits shown on both forms were accepted and the rejection of coverage as indicated on the second form was accepted without signing and dating this form. We find that these forms constitute an express, affirmative act on the part of the insured which clearly, unmistakably and unambiguously rejected UM coverage as required by LSA-R.S. 22:1406(D)(1)(a).
Although the court in Roger refers to a "single document" necessary for a rejection of UM coverage, we find that in the present case, where a second form is attached to the policy and incorporated by reference into the first form, the jurisprudential requirements have been met. We reject plaintiff's argument that the trial court erred in considering these two forms together as one document.
We are aware of the strong public policy behind the statutory requirement of UM insurance and that insurance policies are to be liberally construed in favor of UM coverage. Henson, supra. However, in the instant case we are presented with evidence that a named insured rejected UM coverage by executing one general form which incorporated a form containing the specific selection for the state of Louisiana, both of which were attached to the subject policy and both of which fully complied with the Supreme Court's most recent requirements. Under these circumstances, we can find no error in the trial court's finding that Zurich is entitled to judgment as a matter of law that the *1275 policy in question does not provide UM coverage in this case.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant, Alford Haney.
AFFIRMED.